

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1695** |
| **CORNEL HUBERT, WARDEN** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

I.     STATE COURT PROCEDURAL BACKGROUND

The petitioner, Daniel Brown, is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] On May 17, 2000, Brown was charged by bill of information in Lafourche Parish with possession of cocaine.[3] The Louisiana First Circuit Court of Appeal summarized the facts of the case as follows:

> At about 10:30 p.m. on April 19, 2000, [Thibodaux City Police Officers] Barrilleaux and Fontenot were in an unmarked police car patrolling the area of Narrow Street in Thibodaux where an abandoned house was located. The house was posted with "no trespassing" signs that were in plain view and visible at night. Barrilleaux had personally dealt with an incident at the abandoned house about four to five months prior to the night in question, when the house caught fire as a result of persons having smoked crack cocaine and marijuana in the shed area at the rear of the house. Also, the police had received numerous complaints of vandalism at the house. Consequently, the police were patrolling the area.
> On the night in question, while Barrilleaux and Fontenot were proceeding along Narrow Street, they observed two black male subjects wearing white shirts standing underneath the carport area of the abandoned house. Barrilleaux radioed for backup assistance of other officers, and he and Fontenot continued onto Bourbon Street to the rear of the house. The backup officers in marked police units arrived at the front of the abandoned house within about three to five minutes. While Barrilleaux and Fontenot were walking toward the house, they observed one black male take off toward the front of the house. The other black male, subsequently identified as the defendant, started running toward the rear of the house and

---

[2]Rec. Doc. No. 3, Petition.

[3]St. Rec. Vol. 2 of 4, Bill of Information, 5/17/00.

> ran directly into Barrilleaux, who surmises that defendant ran upon observing the backup units arrive at the front of the residence. When defendant ran into him, Barrilleaux observed defendant throw some objects to the ground.
> 
> Barrilleaux took defendant into custody based on his initial suspicion that defendant was trespassing, and defendant was patted down for weapons. Immediately thereafter with the aid of a flashlight, Barrilleaux looked in the area defendant had thrown down the objects. In that area, Barrilleaux found and seized a crack pipe, a cigarette lighter, and a piece of brown paper containing crack cocaine. According to Barrilleaux, he was confident these were the items defendant had thrown down.

State Record Volume 4 of 4, 1st Circuit Opinion, 2001-KA-0053, p. 2-3, November 9, 2001.

Brown was tried before a six person jury on September 5, 2000 and was unanimously found guilty as charged.[4] The state trial court sentenced Brown to serve five years imprisonment and the State thereafter filed a multiple bill.[5] At a hearing held November 27, 2000, the state trial court adjudicated Brown to be a multiple offender and re-sentenced him to serve 35 years imprisonment.[6]

Brown's appointed counsel filed two appeals to the Louisiana First Circuit raising the same claim in each, that the trial court erred in denying the motion to suppress the evidence for lack of probable cause for the arrest. In the first appeal, No. 2001-KA-

---

[4]St. Rec. Vol. 2 of 4, Trial Transcript, 9/5/00; St. Rec. Vol. 3 of 4, Trial Transcript (cont'd), p. 173, 9/5/00.

[5]St. Rec. Vol. 2 of 4, Sentencing Transcript, 9/25/00; St. Rec. Vol. 1 of 4, Multiple Bill, 9/25/00.

[6]St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/27/00; Sentencing Order, 12/14/00.

0053, the Louisiana First Circuit held that the claim was meritless and affirmed the conviction and sentence on November 9, 2001.[7]

In a separate opinion issued that same day, the Louisiana First Circuit construed the second appeal, No. 2001-KA-0054, as a challenge to the habitual offender adjudication.[8] Because Brown failed to raise any claims related to the adjudication or sentence, the court reviewed the record for errors patent. Finding none, the court affirmed the adjudication and sentence.

Brown's conviction became final 30 days after his conviction was affirmed, Sunday, December 9, 2001, or the next business day, Monday, December 10, 2001, because he did not seek rehearing or file for timely review in the Louisiana Supreme Court.[9] Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process); McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004).

---

[7]St. Rec. Vol. 4 of 4, 1st Cir. Opinion, 2001-KA-0053, 11/9/01.

[8]St. Rec. Vol. 1 of 4, 1st Cir. Opinion, 2001-KA-0054, 11/9/01.

[9]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a), petitioner had 30 days from the issuance of the state appellate court's opinion to file a timely writ application in the Louisiana Supreme Court, which he did not do in either case.

Sixteen months later, on April 11, 2003, Brown filed a uniform application for post-conviction relief with the state trial court alleging four grounds for relief:[10] (1) The evidence was insufficient to support the conviction. (2) The bill of information was defective. (3) The chain of custody of the drug paraphernalia was defective. (4) He received ineffective assistance of counsel.

On April 25, 2003, the state trial court ordered Brown to show cause why his claims should not be dismissed as procedurally defaulted for failure to raise the claims on direct appeal.[11] In his reply, Brown argued that he had no control over what his appointed counsel raised on appeal and that appellate counsel was ineffective.[12] The state trial court thereafter denied the application on August 5, 2003, finding that the claims should have been raised on appeal and that Brown had not shown good cause for the failure to do so.[13] Alternatively, the court determined that each of the claims was without merit.

---

[10] St. Rec. Vol. 1 of 4, Uniform Application for Post Conviction Relief, 4/11/03.

[11] St. Rec. Vol. 1 of 4, Trial Court Order, 4/25/03 (filed 4/29/03); St. Rec. Vol. 4 of 4, Notice, 5/1/03.

[12] St. Rec. Vol. 4 of 4, Answer to Judge's Order, 6/18/03.

[13] St. Rec. Vol. 4 of 4, Trial Court Order, 8/5/03; Notice, 8/6/03.

Brown filed an untimely[14] writ application with the Louisiana First Circuit on September 30, 2003.[15] The court denied the application without reasons on March 8, 2004.[16]

On May 18, 2004, Brown filed an untimely[17] writ application in the Louisiana Supreme Court seeking further review.[18] The Louisiana Supreme Court denied the application without reasons on April 1, 2005.[19]

II.  **FEDERAL HABEAS PETITION**

On June 10, 2005, Brown filed a petition for federal habeas corpus relief seeking relief on the following grounds:[20] (1) The evidence was insufficient to support the conviction. (2) The bill of information was defective because it failed to charge a crucial element of the offense. (3) The chain of custody of the evidence was defective.

---

[14]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana First Circuit. La. App. Rule 4-3; La. Code Crim. P. 922.

[15]The record does not contain a copy of this writ application, however, Brown has attached a purported copy of the writ application to his petition. The date of filing was obtained from the clerk of the Louisiana First Circuit.

[16]St. Rec. Vol. 4 of 4, 1st Cir. Order, 2003-KW-2183, 3/8/04.

[17]La. Code Crim. P. art. 922(C); La. S. Ct. R. X§5(a).

[18]St. Rec. Vol. 4 of 4, La. S. Ct. Letter, 2004-KH-1184, 5/18/04.

[19]State ex rel. Brown v. State, 897 So.2d 592 (La. 2005).

[20]Rec. Doc. No. 3, Petition and Memorandum in Support.

(4) Counsel was ineffective. (5) The sentence was improperly enhanced under the multiple offender laws in violation of the Double Jeopardy Clause.

The State filed a response to Brown's federal petition, erroneously alleging that his conviction was not final and that he failed to exhaust state court remedies in light of a writ application pending before the Louisiana Supreme Court.[21]

III. <u>STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[22] and applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Brown's petition, which, for reasons discussed below, is deemed filed in this court on April 20, 2005.[23]

---

[21] Rec. Doc. No. 7.

[22] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Brown's petition on June 10, 2005, when the filing fee was paid. Brown, however, signed the petition on April

7

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

For the following reasons, I find that the record before the court does not clearly demonstrate exhaustion of the sentence enhancement claim, but Brown's petition clearly is not timely filed under the AEDPA and must be dismissed with prejudice for that reason.

IV.   EXHAUSTION OF STATE COURT REMEDIES

In its response, the State argues that Brown's conviction is not final and that he has not exhausted state court remedies in light of the alleged pendency of his writ application No. 2004-KH-1184. As discussed previously, the finality of a conviction is not judged by the completion of the post-conviction process, but rather by the last step taken in the direct appeal process. See Roberts, 319 F.3d at 690 (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process). Brown's appeal became final 30 days after his conviction was affirmed as

---

20, 2005, which is the earliest date he could have submitted it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

discussed above. The State is incorrect in its suggestion that Brown's conviction is not final.

The State is also incorrect in suggesting that the Louisiana Supreme Court writ application was pending at the time of its response. As the record shows, the Louisiana Supreme Court ruled on Brown's writ application on April 1, 2005, more than two weeks before Brown's federal habeas corpus petition was submitted and more than three months before the State filed its response.

Nevertheless, the question of whether Brown has exhausted his state court remedies is not clear in this case because the record provided by the State is insufficient to establish what claims Brown actually raised in his sole writ application to the Louisiana Supreme Court. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan</u>, 526 U.S. at 845; <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).

Thus, to exhaust his claims, Brown must fairly present the same claims he urges in this federal court to the Louisiana Supreme Court. The record provided by the State does not contain a copy of Brown's only writ application to the Louisiana Supreme Court. Brown also has not submitted a copy.

Resolution of the exhaustion issue is not necessary, however, because his federal habeas corpus petition is clearly time-barred and must be dismissed for that reason.

V.  STATUTE OF LIMITATIONS

A.  NO WAIVER OF THE LIMITATIONS DEFENSE

The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (citing Smith v. Johnson, 216 F.3d 521 (5th Cir. 2000)), cert. denied, 2001 WL 167908 (Feb. 12, 2001); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).

In the instant case, the State has not addressed the timeliness of Brown's petition in its responsive pleading and has not expressly waived the limitations defense. See Simpkins v. Washington Metropolitan Area Transit Authority, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense). Therefore, Brown is hereby placed on notice that the limitations issue is being considered by this court, Fisher v. State, 169 F.3d 295, 301 (5th Cir. 1999); Magouirk, 144 F.3d at 358, and any objection by petitioner to the court's assessment of this issue must be timely filed as required at the conclusion of this report.

B.  THE PETITION IS NOT TIMELY FILED

Section 2244(d)(1) of the federal habeas statute requires that a petitioner bring his Section 2254 claims, among other things not relevant here, within one year from the date

11

of finality of the judgment of conviction.[24] Brown's conviction became final on Sunday, December 9, 2001, or Monday, December 10, 2001, the next business day thereafter, which was 30 days after his conviction was affirmed on direct appeal. For ease of reference and affording Brown every time calculation benefit, the conviction is considered final on December 10, 2001.

Thus, literal application of the statute would bar his Section 2254 petition as of December 10, 2002. As discussed at footnote 23 above, under the federal mailbox rule, Brown's federal petition is deemed filed on April 20, 2005, more than two years after the deadline imposed by the AEDPA, and it must be dismissed as untimely, unless the

---

[24] Specifically, Section 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances prevented timely filing. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis, 158 F.3d at 810. Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 125 S. Ct. at 1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Brown has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling

not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).[25]

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

---

[25]Both Brown's petition and the State's response were filed in this court, and this matter was under advisement, before the suspension of deadlines and time periods instituted by the court in the aftermath of Hurricane Katrina. Therefore, the disruptions caused by the hurricane are irrelevant to the AEDPA timeliness calculation in this case.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-

20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Thus, as outlined above, the one-year AEDPA limitations period began to run in Brown's case on December 11, 2001, the day after his conviction is deemed final. The federal limitations period ran uninterrupted for 365 days, until it expired on December 11, 2002. Brown had no properly filed state post-conviction or other collateral review proceedings pending during that period.  His next such filing was his application for

post-conviction relief filed on April 11, 2003, four months <u>after</u> the AEDPA statute of limitations had already expired. A federal habeas petitioner like Brown is <u>not</u> entitled to tolling consideration or rejuvenation of his federal habeas corpus remedy based upon subsequent post-conviction filings made <u>after</u> expiration of the AEDPA statute of limitations. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

Brown's federal habeas corpus petition is deemed filed in this court on April 20, 2005, which was 28 months <u>after</u> the expiration of the one-year limitations period allowed under the AEDPA. Thus, Brown's petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the petition of Daniel Brown for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under the AEDPA.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_9th\_\_\_ day of November, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE